```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GEORGE FORSTHOFFER            : CIVIL ACTION
                              :
        vs.                   :
                              : NO. 06-CV-4069
MAX COHEN & SONS, INC., t/a   :
THE IRON SHOP                 :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                      **January 10, 2008**

This matter has been brought before the Court for ruling on the Defendant's Motions for Partial Summary Judgment and Summary Judgment (Docket Nos. 15 and 16) and the Plaintiff's responses thereto and Cross-Motion to Strike the Affidavit of Philip Cohen. For the reasons which follow, the Motion for Summary Judgment shall be granted, and the motions to disregard Philip Cohen's affidavit and for partial summary judgment shall be denied as moot.[1]

## Factual Background

Plaintiff George Forsthoffer was hired by Max Cohen & Sons, Inc., t/a The Iron Shop (hereinafter "the Iron Shop") as a mechanic on April 1, 1973. As a mechanic, Plaintiff's job entailed working for Philip Cohen reading blueprints and

---

[1] For the reasons discussed *infra* and given that the testimony of the now late Philip Cohen is duplicative to that given by Allen Cohen and William Hamilton, we need not consider Philip Cohen's affidavit, which was apparently given because of his inability to give a deposition. For this reason, we shall deny as moot the plaintiff's motion to strike the affidavit.

sketches, deciding what materials he needed and primarily making simple rails and railings to be installed at private residences. Apparently, Plaintiff performed this job almost exclusively (90-95% of the time) until the time of his termination at the age of 59 on October 25, 2005.  Plaintiff was advised that he was terminated by William "Billy" Hamilton, the shop manager, purportedly at the direction of Allen Cohen, one of the Vice-Presidents of the company.  Plaintiff alleges that Mr. Hamilton told him that he was being terminated because he was not a team player, he did not start work right away in the morning but would instead wait until the buzzer on the time clock went off, and because they were trying to get a bunch of younger guys together that really wanted to do the ironwork.  Mr. Hamilton gave Mr. Forsthoffer his paycheck that day and while Plaintiff returned three days later to COBRA his benefits, he has not returned to the Iron Shop since.

After exhausting his administrative remedies, Plaintiff filed his complaint commencing this lawsuit on September 12, 2006 alleging that Defendant had terminated him solely because of his age, thereby violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. seq.* and the Pennsylvania Human Relations Act, 43 P.S. §951, *et. seq.*  Plaintiff has since withdrawn his claim under Title VII and thus judgment as a matter

of law shall be entered without further discussion in favor of the defendant and against the plaintiff on Count II of the Complaint. (See page 1 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment). As noted, Defendant now moves for the entry of summary judgment as to all of the claims against it in the plaintiff's complaint or, alternatively, for judgment as to Plaintiff's claims for front and back pay.

### **Standards Governing Summary Judgment Motions**

It is recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 50 L. Ed. 2d 748, 97 S. Ct. 732 (1977). Under Fed.R.Civ.P. 56(c), summary judgment is properly rendered:

> "...if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Stated more succinctly, summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-32, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

In deciding a motion for summary judgment, all facts must be

viewed and all reasonable inferences must be drawn in favor of the non-moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); <u>Oritani Savings & Loan Association v. Fidelity & Deposit Company of Maryland</u>, 989 F.2d 635, 638 (3rd Cir. 1993); <u>Troy Chemical Corp. v. Teamsters Union Local No. 408</u>, 37 F.3d 123, 125-126 (3rd Cir. 1994); <u>Arnold Pontiac-GMC, Inc. v. General Motors Corp.</u>, 700 F. Supp. 838, 840 (W.D. Pa. 1988).  An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

### Discussion

The Age Discrimination in Employment Act or ADEA, 29 U.S.C. §623 generally prohibits the following discriminatory behavior:

**(a) Employer practices**

It shall be unlawful for an employer-

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms and conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. §623(a).

Age discrimination in employment is similarly prohibited under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §955(a), which provides in relevant part:

> It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or in the case of a fraternal corporation or association, unless based upon membership in such association or corporation, or except where based upon applicable security regulations established by the United States or the Commonwealth of Pennsylvania:
>
> (a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin, ... to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required.

Both the ADEA and the PHRA's age discrimination proscriptions apply only to those individuals who are at least 40 years of age. 29 U.S.C. §631(a); 43 P.S. §954(h).  Furthermore, while the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA or the ADEA, its courts nevertheless generally interpret the PHRA in accord with its federal counterparts.  Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996).  For this reason, claims under the ADEA and the PHRA are typically treated co-extensively. Horvat v. Forbes Regional Hospital, 184 Fed. Appx. 216, 218 n. 3 (3d Cir. June 13, 2006); Fogelman v. Mercy Hospital, Inc., 283 F.3d 561, 567 (3d

Cir. 2002).

To prevail on an intentional age discrimination claim under either the ADEA or the PHRA, a plaintiff must show that his age "actually played a role in the employer's decision making process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 144, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000), quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); Fasold v. Justice, 409 F.3d 178, 183-184 (3d Cir. 2005). A plaintiff can meet this burden (1) by presenting direct evidence of discrimination, (*See*, Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)) or (2) by presenting indirect evidence of discrimination that satisfies the familiar three-step framework of McDonnell-Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Fasold, supra.

Under McDonnell-Douglas, a plaintiff must first produce evidence sufficient to convince a reasonable fact finder as to all of the elements of a prima facie case of discrimination. Showalter v. University of Pittsburgh, 190 F.3d 231, 234 (3d Cir. 1999). If a plaintiff establishes a prima facie case, "the burden of production (but not the burden of persuasion) shifts to the defendant, who must then offer evidence that is sufficient, if believed, to support a finding that the defendant had a legitimate, nondiscriminatory reason for the adverse employment

6

decision.  Stanziale v. Jargowski, 200 F.3d 101, 105 (3d Cir. 2000) quoting Showalter, 190 F.3d at 235.  If the employer articulates one or more such reasons, the aggrieved employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual.  Fasold, 409 F.3d at 184, citing Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003).  It is axiomatic that a plaintiff may establish a prima facie case of age discrimination by proving: (1) he is within the protected age group of 40-70; (2) he was the subject of an adverse employment action; (3) he was qualified for the position in question; and (4) younger employees were treated more favorably.  Bernhard v. Nexstar Broadcasting Group, 146 Fed. Appx. 582, 584 (3d Cir. Aug. 31, 2005).

   In its motion for summary judgment on all of the plaintiff's claims, Defendant first asserts that the plaintiff has failed to establish the necessary prima facie case of age discrimination. After thoroughly combing the record in this matter, we are constrained to agree with this contention.  Indeed, while it is clear that the plaintiff satisfies the first three criteria in that he falls within the protected age classification having been 59 when he suffered the adverse employment action at issue, *to wit,* termination, and that he was arguably qualified for his

mechanics' job having held it for over thirty years, it is not clear that other, younger employees were treated more favorably than was Mr. Forsthoffer or that Mr. Forsthoffer was replaced by a younger employee.

    First, the evidence reflects that the Iron Shop employs a significant number of people over the age of forty - many of them in their fifties, sixties and seventies.  Most, if not all of the Iron Shop's employees are long-term employees, many of whom have worked there well in excess of twenty years.  Philip Cohen, for whom Mr. Forsthoffer worked directly, was nearly eighty years of age when Plaintiff was terminated.  Additionally, while there are also a number of employees who are younger than 40, there is no evidence on the record that suggests that these employees are treated any differently than their older counterparts.

    There is also no evidence that Mr. Forsthoffer was "replaced" by a sufficiently younger employee such as is needed to give rise to an inference of discrimination.  Indeed, as Mr. Forsthoffer himself testified, he is not aware of any specific individual or individuals that were hired after he was fired to perform his job.  According to the testimony of William Hamilton, Allen Cohen and Richard Cohen, simple rails are now made by whoever is available including William Hamilton and Philip Cohen, but primarily Tim Lafferty (D.O.B. 7/15/68), Alfred Desanctis (D.O.B. 8/25/28), Vincent Cascarina (D.O.B. 9/29/59), David

O'Donnell (D.O.B. 12/3/67), Rudy Bonfini (D.O.B. 11/22/31), Ray Laurent (D.O.B. 8/11/55), and Dave Scottoline (D.O.B. 10/26/60).

Furthermore, even were we to find that plaintiff had made out a prima facie case given that most of the individuals who now make the simple rails are younger than he was, *all* of the fact witnesses who were deposed in this matter with the exclusion of the plaintiff himself testified that the quality of plaintiff's work and his work attitude were poor and that it was for these reasons that his employment was terminated.  Indeed, the *only* evidence that Mr. Forsthoffer has that he was terminated because of his age comes from his own testimony that Mr. Hamilton told him he was being fired because he was not a team player and the company wanted to get together a younger group of people who really wanted to do iron work.  Again turning to the testimony of William Hamilton, Michael Graci, Frank Escurra, Joseph Slavin and Richard and Allen Cohen, the quality of the plaintiff's work had gotten progressively worse over the five to ten years preceding his firing.  Allen Cohen testified that the decision to terminate Mr. Forsthoffer was made several days prior thereto when Philip Cohen finally agreed that he should be let go because of his poor attitude and work quality.  As Mr. Forsthoffer himself testified, he took his directions for work exclusively from Philip Cohen and that even on those occasions when someone else came to him with a job, he would not perform that job until he had obtained Philip's

approval to do it.  Plaintiff further stated that he didn't even really know who the shop supervisor was, that the only person he dealt with was Philip Cohen, and that he didn't think Philip Cohen would fire him because he was old until this happened. Thus, there is no evidence that the decision to fire Mr. Forsthoffer was made by William Hamilton, the only person to whom an "ageist comment" is attributed, nor is there any evidence (aside from the plaintiff's own subjective belief) that his employment was terminated for any reason other than because of his poor work performance and attitude.[2]  We therefore conclude that even if he were found to have made out the requisite prima facie case, the plaintiff cannot meet his burden to show that the reasons given by the defendant for his firing were pretextual. Summary judgment shall therefore be granted in favor of the defendant on the entirety of the plaintiff's complaint.

    An order follows.

---

[2]  Where a plaintiff relies upon his own beliefs and testimony as to his own beliefs from his deposition and fails to present any factual evidence linking his termination to his membership in a protected class, he failed to make out a prima facie case of discrimination.  McCoy v. Starz Encore Group, Civ. A. No. 02-5125, 2004 U.S. Dist. LEXIS 2600 at *26 (E.D.Pa. Feb. 5, 2004). citing, inter alia, Bullock v. Children's Hospital of Philadelphia, 71 F.Supp.2d 482 (E.D.Pa. 1999).  See Also, Sarullo v. United Postal Service, 352 F.3d 789, 800 (3d Cir. 2003)(plaintiff's claim that proffered explanation for not rehiring him is a "sham" without countervailing proof held nothing more than personal view of employer's explanation and falls far short of establishing pretext).

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GEORGE FORSTHOFFER            : CIVIL ACTION
                              :
        vs.                   :
                              : NO. 06-CV-4069
MAX COHEN & SONS, INC., t/a   :
THE IRON SHOP                 :
```

**ORDER**

_____AND NOW, this     10th     day of January, 2007, upon consideration of the Defendant's Motions for Summary Judgment and for Partial Summary Judgment and the Plaintiff's Cross-Motion to Strike the Affidavit of Philip Cohen, it is hereby ORDERED that the Motion for Summary Judgment is GRANTED, the Motions for Partial Summary Judgment and to Strike Philip Cohen's Affidavit are DENIED AS MOOT and Judgment is entered in favor of the Defendant and against the Plaintiff as a matter of law on all Counts of the Complaint in no amount.

                              BY THE COURT:


                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,        J.